UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RYAN J.  LAWS,

                Plaintiff,

        v.

JOE CROFT, Deputy, et al.,

                Defendants.

DECISION & ORDER

05-CV-6402CJS

---

Plaintiff, who is proceeding *pro se*, has requested that the United States District Court Clerk issue a subpoena to the Wayne County Clerk for the production of certain identified documents.

According to the records plaintiff has submitted, he has requested the very documents he seeks to subpoena through a Freedom of Information Law request.  The Wayne County Clerk's Office responded to that request by specifying the copying costs for each document plaintiff requested; it did not object to the production of any particular document. Rather than paying the copying fees, however, plaintiff has filed this motion.

Plaintiff is reminded that although he is proceeding *in forma pauperis*, such status does not relieve him from the litigation costs associated with discovery, such as the costs of producing documents.  According to the United States Supreme Court, "the expenditure of public funds is proper only when authorized by Congress." *United States v. MacCollom*, 426 U.S. 317 (1976).   28 U.S.C. § 1915 provides in relevant part that the Court may authorize the commencement and prosecution of an action without prepayment of fees and costs; the statute

also provides that "[w]itnesses shall attend as in other cases."  28 U.S.C. § 1915(d).  The Second

Circuit has held, "[f]ederal courts are not authorized to waive or pay witness fees on behalf of an

*in forma pauperis* litigant.  . . . [N]o reading of 28 U.S.C. § 1915 supports the contention that

Congress authorized the federal courts to waive or pay for [plaintiff's] witness fees."  *Malik v.*

*Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993).  *See Toliver v. Community Action Comm'n to Help the*

*Econ., Inc.*, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) ("Since plaintiff was proceeding pro se in

a Title VII case, and in forma pauperis pursuant to 28 U.S.C. § 1915(a), there was no clear

statutory authority for the prepayment of discovery costs"), *aff'd*, 800 F.2d 1128 (2d Cir.), *cert.*

*denied*, 479 U.S. 863 (1986).  Thus, any documents produced pursuant to any subpoena issued

would still subject plaintiff to the costs of copying and producing such documents.

Accordingly, plaintiff is directed to file a response to this Order by **May 1, 2006**,

explaining why he is unable to obtain the documents he seeks in the manner indicated in the

Wayne County Clerk's letter dated January 25, 2006.

The Clerk of the Court is also directed to send plaintiff a copy of the Pro Se

Litigation Guidelines to assist him in litigating his case.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       April    11   , 2006.