UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RYAN J. LAWS,

                   Plaintiff,

        v.

DEPUTY JOE CROFT, et al.,

                Defendants.

---

DECISION & ORDER and
REPORT & RECOMMENDATION

05-CV-6402CJS

Plaintiff in the above-captioned matter has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that defendants falsely arrested him and subjected him to excessive force. (Docket # 1). Currently before this Court are plaintiff's motions for leave to file an amended complaint and for the appointment of counsel. (Docket ## 19, 27).

**Motion to Amend**

In his original complaint, Laws alleges that defendant Sergeant James Showman of the Palmyra Police Department falsely arrested him for burglary in the first degree, charges which Laws submits were ultimately dismissed. Laws further alleges that defendant Sheriff's Deputy Jeff Ruffalo subjected him to excessive force through an attack by a police dog and that defendant Sheriff's Deputy Joe Croft failed to protect him from the attack.[1] (Docket # 1). Laws now seeks leave to amend his Complaint to add the County of Wayne, New York as a defendant and to challenge the lawfulness of his conviction. (Docket # 19).

---

[1] Laws has not identified whether the deputies were employed by the Wayne County Sheriff's Department or another Sheriff's department.

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits.  *See United States ex rel. Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131.  The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss.  *See Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (citing *A.V. by Versace, Inc. v. Gianni Verace S.p.A.*, 160 F. Supp. 2d 657,

2

666 (S.D.N.Y. 2001)).  Thus, the court "must view the claim in the light most favorable to the

moving party and determine whether there is a colorable claim for relief."  *Santiago v. Steinhart*,

1993 WL 410402, *2 (S.D.N.Y. 1993).

In addition, in considering whether to permit the inclusion of an additional party,

Rule 20(a) of the Federal Rules of Civil Procedure provides:

> All persons . . . may be joined in one action as defendants if there
> is asserted against them jointly, severally, or in the alternative, any
> right to relief in respect of or arising out of the same transaction,
> occurrence, or series of transactions or occurrences and if any
> question of law or fact common to all defendants will arise in the
> action.

Fed. R. Civ. P. 20(a).  Courts have interpreted the requirements of Rule 20(a) liberally so as to

promote judicial economy and to allow related claims to be tried within a single proceeding.  *See,*

*e.g.*, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20

"specifically vests in the district court the discretionary power to make such orders as may be

required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg,*

*Inc.*, 2003 WL 21361724 at *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be

interpreted liberally"); *Kovian v. Fulton County Nat. Bank and Trust Co.*, 1990 WL 36809, *9

(N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or

occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y.

1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

In the case at bar, Laws is currently incarcerated as a result of his conviction for

escape in the first degree.  The escape apparently occurred during Laws's arrest for burglary in

the first degree, which is the subject of the pending false arrest and excessive use of force claims

3

in his original complaint.  (Docket # 1).  In his current motion, Laws seeks to amend his

complaint in order to add a claim against Wayne County (the county in which he was convicted)

for unlawful conviction.  (Docket # 19).  The proposed claim seeks damages arising from that

conviction for "undue duress, false imprisonment, loss of wages from employment and furthering

no contact with my six-year-old child."  (Docket # 19).  Defendants oppose Laws's motion,

arguing that the proposed amendment would be futile.  (Docket # 21).

       Upon review of Laws's proposed amended complaint, I agree with defendants and

find that the proposed claim is not cognizable under 42 U.S.C. § 1983.  In *Heck v. Humphrey*,

512 U.S. 477, 481-82 (1994), the United States Supreme Court held that a prisoner may not

assert a claim for damages when the establishment of that claim would "necessarily demonstrate

the invalidity of [his] conviction."  Specifically, the Court held:

> [I]n order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. at 486-87.

       Thus, in order to maintain a cause of action for unlawful conviction under Section

1983, a plaintiff must demonstrate that his conviction or sentence has been overturned or

invalidated.  *See Jenkins v. Haubert*, 179 F.3d 19, 24-25 (2d Cir. 1999).  Laws has not made, and

cannot make, such a showing with respect to the conviction he challenges.  Accordingly, he does

not have a cognizable claim under Section 1983, and any motion to amend the complaint to include such a claim would be futile.

Although it is not entirely clear from his motion, there is some suggestion that Laws also would like to add a claim against the defendants for false arrest or malicious prosecution arising out of his arrest on the escape charge of which he was ultimately convicted. Any such claim likewise would be futile in view of Laws's conviction on that charge. *Cameron v. Fogarty*, 806 F.2d 380, 387-88 (2d Cir. 1986).

Accordingly, it is therefore the recommendation of this Court that Laws's motion to amend his complaint be denied.

**Motion for Appointment of Counsel**

Laws has also moved for the appointment of counsel. (Docket # 27). Although the court may assign counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), there is no constitutional right to appointed counsel in civil cases. The assignment of counsel is clearly within the judge's discretion, *see In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984), and the factors to be considered include the following:

1.  Whether the indigent's claims seem likely to be of substance;

2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.  Whether the legal issues involved are complex; and

5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The court must consider the issue of appointment of counsel carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

This Court has reviewed the facts presented herein in light of the factors required by law.  Laws alleges that he was falsely arrested and subsequently subjected to excessive force. (Docket # 1).  He now requests the assignment of counsel, asserting that he has been unable to retain private counsel and stating summarily that there will be a "need for cross examination at trial."  (Docket # 27).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time.  As stated above, a plaintiff seeking the appointment of counsel must demonstrate a

6

likelihood of success on the merits.  *See id.*  Laws has failed to do so.  Moreover, the issues in

this case are far from complex, and Laws has not demonstrated that appointment of counsel

would be more likely to lead to a just determination.  Accordingly, Laws's motion for the

appointment of counsel is denied.


## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that Laws's

motion for leave to amend his complaint **(Docket # 19)** be **DENIED**.  It is also my Decision and

Order that Laws's motion for the appointment of counsel **(Docket # 27)** is **DENIED**.

**IT IS SO ORDERED.**


                                             s/Marian W. Payson
                                             MARIAN W. PAYSON
                                             United States Magistrate Judge


Dated: Rochester, New York
       September  15 , 2006

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

      **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

      **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

      The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

      <u>**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**</u> *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

      The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>**Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**</u>

      Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                     *s/Marian W. Payson*
                         MARIAN W. PAYSON
                     United States Magistrate Judge

Dated: Rochester, New York
       September  <u>15</u> , 2006