UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

RYAN J. LAWS,

                         Plaintiff,

                                                    DECISION AND ORDER
          -v-                                       05-CV-6402CJS

DEPUTY JOE CROFT, et al.,

                         Defendants.

———————————————————————

        This is an action pursuant to 42 U.S.C. § 1983, in which Plaintiff alleges that the

defendants violated his federal constitutional rights by falsely arresting him and by using

excessive force.   On November 5, 2008, the Court issued a Decision and Order [#52],

granting summary judgment to James Showman ("Showman").   On November 25, 2008,

Plaintiff filed a notice of appeal [#56].   On December 22, 2008, Plaintiff filed the subject

motion [#59], captioned as a "Motion for Reconsideration of a Prior Decision, Fed. R. Civ.

P. 60(b)."   On the same date, Plaintiff also filed a motion "for an extension of time to file a

motion pursuant to Fed. R. Civ. P. 60(b)" [#60], however, that motion can summarily be

denied as moot, since Plaintiff does not need an extension of time to file a motion under Rule

60(b).

        In support of his Rule 60(b) motion, Plaintiff explains that, following the issuance of

the Court's summary judgment decision [#52], he did not file a motion for reconsideration,

and instead, filed a notice of appeal to the Second Circuit.   However, he later decided that

he could not pay the Circuit Court's filing fee, and withdrew his appeal.   (*See*, Motion [#60]).

  Subsequently, in lieu of pursuing the appeal, Plaintiff filed the subject motion for

reconsideration.   In that regard, Plaintiff maintains that the Court should not have granted

summary judgment to Showman, since Showman lacked probable cause to arrest him.

Plaintiff made the very same argument in his papers opposing summary judgment. (Docket

Nos. [#39], [#43], [#45]).

The legal principles applicable to an application under FRCP 60(b) are clear:

> Rule 60(b) allows the Court to 'relieve a party ... from a final judgment, order, or proceeding.' Because the rule allows for extraordinary judicial relief, it may be invoked only on a showing of exceptional circumstances. *See Fowler v. New York Transit Auth.*, No. 96 Civ. 6796, 2001 WL 83228, at *18 (S.D.N.Y. Jan. 31, 2001). The Court's task when confronted with such a motion is to 'strike[ ] a balance between serving the ends of justice and preserving the finality of judgments.' *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). Evidence supporting a motion to vacate must be 'highly convincing.' *See Kotlicky v. United States Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987); *Freedom, N.Y., Inc. v. United States*, 438 F.Supp.2d 457, 462 (S.D.N.Y. 2006).

> Rule 60(b), in subsections (1) through (5), designates five specific grounds for granting relief from judgment. The rule also includes a catchall provision, subsection (6), which allows relief for 'any other reason justifying relief from the operation of the judgment.' The catchall provision, Rule 60(b)(6), is 'properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship.' *DeWeerth v. Baldinger*, 38 F.3d 1266, 1272 (2d Cir.1994). A motion pursuant to Rule 60(b)(6) must be made 'within a reasonable time.'

> Finally, even where a movant can demonstrate that one of the enumerated grounds in Rule 60(b) applies, in order to prevail the movant must still demonstrate a strong case that the movant has a meritorious claim. *See United States v. Cirami*, 563 F.2d 26, 35 (2d Cir.1977); *Alvarado v. Manhattan Worker Career Ctr.*, No. 01 Civ. 9288, 2003 WL 22462032, at *3 (S.D.N.Y. Oct. 30, 2003).

*U.S. v. Billini*, No. 99 CR. 156(JGK), 2006 WL 3457834 at *1-2 (S.D.N.Y. Nov. 22, 2006).

Here, Plaintiff does not rely on a particular sub-section of FRCP 60(b), nor has he

shown exceptional circumstances.  Instead, Plaintiff has brought the motion as a substitute

for an appeal, and in that regard, he argues that the Court overlooked facts and committed

errors of law when it granted summary judgment to Showman.   However, the Court disagrees, for the reasons stated in the previous Decision and Order [#52].

Plaintiff's motions [#59][#60] are denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:      Rochester, New York
            January 29, 2009
                                        ENTER:


                                         /s/ Charles J. Siragusa_____
                                        CHARLES J. SIRAGUSA
                                        United States District Judge